IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOYCE KENNEDY,

                Plaintiff,

     v.

ETHICON ENDO-SURGERY, INC.; ETHICON
ENDO-SURGERY, LLC.,

                Defendants.

NO.

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Joyce Kennedy, and brings this complaint for damages against Defendants, and in support thereof states as follows:

## I.    THE PARTIES

1.1.    At all times material, Plaintiff Joyce Kennedy was and is an individual residing in the State of Washington.

1.2    At all times material, Defendant Ethicon Endo-Surgery, Inc., was and is an Ohio corporation with its principal place of business at 4545 Creek Road, Mail Location 11, Cincinnati, Ohio 45242.  At all times material, Defendant Ethicon Endo-Surgery, Inc., has been conducting business throughout the State of Washington and maintains significant, systematic and continuous contacts throughout the State of Washington, but does not appear to have a

DiamondMassong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ◆ 206.445.1257 Fax

designated agent within the state upon whom service of process may be had for causes of action arising out of such business.

1.3    At all times material, Defendant Ethicon Endo-Surgery, LLC, was and is a foreign corporation with its principal place of business at 475 Calle C, Guaynabo, Puerto Rico 00969.  At all times material, Defendant Ethicon Endo-Surgery, LLC, has been conducting business throughout the State of Washington and maintains significant, systematic and continuous contacts throughout the State of Washington, but does not appear to have a designated agent within the state upon whom service of process may be had for causes of action arising out of such business.

## II.    JURISDICTION AND VENUE

2.1    The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), inasmuch as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff is a citizen of a different state than one or more of Defendants.

2.2    Venue in this district for pretrial proceedings in this civil action is proper under 28 U.S.C. § 1391, inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this district.

2.3    At all times material, Defendant Ethicon Endo-Surgery, Inc. has been in the business of the researching, developing, selling, and marketing of surgical staplers and staples. At all times material, Defendant Ethicon Endo-Surgery, Inc. has been in the business of and did design, research, manufacture, test, advertise, promote, market, sell, and distribute the surgical stapler and staples that constitute the basis of this lawsuit in the State of Washington.  This Court has personal jurisdiction over Defendant Ethicon Endo-Surgery, Inc. because Defendant has submitted itself to the jurisdiction of this Court by engaging in conduct in the State of Washington as set forth in this Complaint.

2.4    At all times material, Defendant Ethicon Endo-Surgery, LLC has been in the business of the researching, developing, selling, and marketing of surgical staplers and staples. At all times material, Defendant Ethicon Endo-Surgery, LLC has been in the business of and did

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

design, research, manufacture, test, advertise, promote, market, sell, and distribute the surgical stapler and staples that constitute the basis of this lawsuit in the State of Washington. This Court has personal jurisdiction over Defendant Ethicon Endo-Surgery, LLC because Defendant has submitted itself to the jurisdiction of this Court by engaging in conduct in the State of Washington as set forth in this Complaint.

2.8    Defendants Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC shall be referred to herein individually by name or jointly as the "Ethicon Defendants."

### III.    FACTS

3.1    On November 20, 2018, Joel G. Dean, M.D., undertook to perform a robotic assisted laparoscopic sigmoid colectomy surgery to remove a portion of Plaintiff's sigmoid colon because of an active flare up of smoldering diverticulitis with colonic obstruction affecting a portion of Plaintiff's sigmoid colon at Skagit Valley Regional Hospital. After gaining access to Plaintiff's abdomen, Dr. Dean observed that her colon was significantly distended, severely diseased and inflamed and he made the decision to abandon the minimally invasive approach and converted to an open descending sigmoid colectomy procedure. Dr. Dean then mobilized the sigmoid colon and cleared an area proximal to the diseased portion of the colon and transected the diseased portion using a contour stapler.

3.2    Dr. Dean then assessed the proximal staple line of the remaining colon and determined it would not reach into Plaintiff's pelvis, so he proceeded with mobilizing Plaintiff's splenic fixture laparoscopically, which was successfully accomplished. After mobilizing Plaintiff's splenic fixture, Dr. Dean determined the proximal staple line of the remaining colon still would not reach into Plaintiff's pelvis, so he removed some additional adhesions which allowed him to get the proximal staple line out of her abdomen. Dr. Dean observed this portion of the colon and noted that colon was clearly obstructed, so he elected to make a small incision in the colon and drained a liter and half of liquid stool from her colon. Dr. Dean then utilized a contour stapler to remove a couple more inches of the colon that included the portion where he had made the incision.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

DiamondMassong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

3.3     Dr. Dean then assessed the colon and determined the distal six inches of the colon looked venous congested and he made the decision to perform a small colotomy in the colon to allow him to introduce the anvil of the EEA stapler more proximally in the well perfused area of the colon.  Dr. Dean then utilized a stapler to cut away the ischemic end of the tissue and removed it.  Dr. Dean proceeded to the next portion of the surgery and created a side-to-end stapled anastomosis using an EEA 29 stapler.  Dr. Dean performed a leak test by inflating the anastomosis with air through the anus while it was submerged in water.  He performed this test twice and no leaks were detected.  At the closure of the surgery no complications were noted and Plaintiff was transferred to the PACU.

3.4     In the days following the surgery, Plaintiff began experiencing delirium and exacerbation of her chronic obstructive pulmonary disease along with increased levels of leukocytes in her blood which necessitated her being transferred to the intensive care unit, where she was administered intravenous steroids and intensive nebulizer therapy.  Plaintiff also underwent a CT scan of her abdomen which revealed a possible anastomotic leak with dilated small bowel and increase in subcutaneous fluid.

3.5     On November 30, 2018, Plaintiff underwent an exploratory laparotomy performed by Dr. Chinnaya Parimi, M.D. at Skagit Valley Regional Hospital.  After making an incision and accessing Plaintiff's abdomen, Dr. Parimi immediately encountered pus and stool throughout her abdomen.  Dr. Parimi identified the transverse colon and examined the colon anastomosis and noticed there was a pocket of fluid posterior to the anastomosis with stool and pus.  Dr. Parimi palpated the anastomosis and discovered that the anterior wall of the anastomosis was intact and the rest of the anastomosis had completely fallen apart.  Dr. Parimi then performed a resection of the colorectal anastomosis and closure of the rectal stump with an end transverse colostomy.  Dr. Parimi also performed a washout of the pelvic sepsis, an incision and drainage of the surgical wound infection and placed a pressure wound vacuum on the wound.  At the end of the surgery, Plaintiff was transferred to the PACU in stable condition.

DiamondMassong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

3.6    Following the remedial surgery, Plaintiff developed an abdominal wall abscess at the site of the original stoma and was placed on intravenous steroids.  Plaintiff remained hospitalized until she was discharged from Skagit Valley Regional Hospital on December 10, 2018 with a PICC line in place, ostomy bag in place, and a wound vac on her incision site.  Plaintiff returned to Skagit Valley Regional Hospital to receive PICC line infusion therapy from December 11, 2018 through December 19, 2018 due the infection and sepsis she developed following the initial surgery.  Plaintiff also returned to Skagit Valley Regional Hospital to receive incisional wound care treatment until February 19, 2019.

3.7    Plaintiff still has a colostomy and will likely have to have the colostomy for the remainder of her life.

3.8    Dr. Dean has identified the surgical stapler and staples he used during Plaintiff's sigmoid colectomy surgery as Ethicon products.  Ethicon surgical staplers and staples are designed, manufactured, marketed and sold by Ethicon Endo-Surgery, Inc. and/or Ethicon Endo-Surgery, LLC.

3.9    Plaintiff's medical records and bills have identified the surgical stapler used by Dr. Dean during Plaintiff's November 20, 2018 sigmoid colectomy surgery as an Ethicon CDH29A Circular stapler.

3.10    The failure of the surgical stapler and staples to properly close Plaintiff's colon resulted in a number of complications, including:

a.    the need to convert from a less invasive laparoscopic procedure to an open descending sigmoid colectomy surgical procedure;

b.    the need to undergo an emergent exploratory laparotomy, resection of the colorectal anastomosis and closure of the rectal stump with an end transverse colostomy on November 30, 2018, due to the complications from her November 20, 2018 surgery;

c.    a prolonged hospital stay, which included time in the ICU as result of the complications from her November 20, 2018 surgery;

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

d. months of infusion therapy and wound care treatment as result of the complications from her November 20, 2018 surgery; and

e. a colostomy for the remainder of her life.

## IV. CLAIMS PURSUANT TO THE WASHINGTON PRODUCT LIABILITY ACT

Pursuant to the Washington Product Liability Act, Chapter 7.72 RCW (the "WPLA), Plaintiff brings the following claims:

4.1 It was entirely foreseeable and well-known to the Ethicon Defendants that incidents involving its surgical staplers and staples such as occurred herein would on occasion take place in the ordinary, anticipated and intended use of said devices.

4.2 The Ethicon Defendants defectively designed, manufactured, assembled and marketed the surgical stapler and staples in question and so are strictly liable for Plaintiff's damages.

4.3 The surgical stapler is defective because the Ethicon Defendants failed to provide adequate warnings and/or instructions regarding the defective conditions and/or the proper use of the stapler and/or staples and so are strictly liable for Plaintiff's damages.

4.4 The Ethicon Defendants breached the implied warranties of merchantability and fitness for a particular purpose, and so are liable for Plaintiff's damages.

4.5 The Ethicon Defendants were negligent in the design, manufacture, assembly and marketing of the surgical stapler and/or staples in question and so are strictly liable for Plaintiff's damages.

4.6 Plaintiff's surgeon, Dr. Dean, used the surgical stapler and/or staples as directed for their intended purpose.

4.7 At all times herein mentioned, the surgical stapler and/or staples used on Plaintiff were defective within the meaning of the WPLA and Defendants knew of the product defects. Moreover, Defendants knew neither Plaintiff nor her surgeon knew, or had reason to know, of the product defects.  Neither Plaintiff nor her surgeon could have discovered the product defects through the exercise of reasonable care.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

DiamondMassong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

4.8     The surgical stapler and/or staples had not been materially altered or modified prior to being used on Plaintiff.

4.9     At all times material, the Ethicon Defendants were acting through their employees and/or agents who were within the course and scope of their employment and/or agency for one or all of the Defendants. The Ethicon Defendants are therefore equally liable under the doctrine of *Respondeat Superior* and/or principles of agency for all actions of their employees and/or agents.

4.10    The Ethicon Defendants' acts and/or omissions were, separately and collectively with the acts and omissions of other Defendants named herein, a producing and/or proximate cause of Plaintiff's damages.

## V.    DAMAGES

5.1     As a direct and proximate result of Defendants' aforementioned actions and breach of duties, Plaintiff Joyce Kennedy has been injured and damaged, including, but not limited to, repeated medical hospitalizations and medical procedures, past and future medical expenses, past and future lost wages, past and future diminished earning capacity, past and future pain and suffering, both physical and mental, past and future impairment of the ability and capacity to enjoy life and its pleasures, past and future disfigurement, and all other damages that may be recoverable under Washington law.

5.2     Plaintiff seeks pre-judgment and post-judgment interest from the earliest dates and at the highest legal rates allowed by law.

5.3     Plaintiff seeks compensation for her actual damages, in an amount to be determined by the trier-of-fact at trial.

## VI.   LIMITED PHYSICIAN/PATIENT PRIVILEGE WAIVER

6.1     Plaintiff only waives the physician-patient privilege to the extent required under RCW 5.60.060(4)(b), and she does not waive or release any other rights or privileges she possesses, including those related to the physician-patient relationship, other than the privilege as set forth in the statute.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ◆ 206.445.1257 Fax

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, by way

3

of damages in such amounts as might be proven at the time of trial and determined by the trier-

4

of-fact as reasonable and just under the evidence, as well as for costs and disbursements

5

incurred herein, and for such other and further relief as the court may deem just and proper.

6

**JURY DEMAND**

7

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

8

Respectfully submitted this ___ day of November, 2021.

9

10

DIAMOND MASSONG, PLLC
/s/ Maria S. Diamond

11

Maria S. Diamond, WSBA No. 13472
1215 Fourth Avenue, Suite 1275

12

Seattle Washington 98161
(206) 445-1258

13

Facsimile: (206) 445-1257

14

maria@diamondmassong.com

15

and

16

MARTIN BAUGHMAN, PLLC

17

Ben C. Martin (*Pro Hac Vice application forthcoming*)

18

Kolter C. McKenzie (*Pro Hac Vice application forthcoming*)

19

3141 Hood Street, Suite 600

20

Dallas, Texas 75219
(214) 761-6614

21

Facsimile: (214) 744-7590

22

bmartin@martinbaughman.com
kmckenzie@martinbaughman.com

23

**ATTORNEYS FOR PLAINTIFF**

24

25

26

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ◆ 206.445.1257 Fax